UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF
MASSACHUSETTS,

               Plaintiff,

   v.

ONDRICK MATERIALS & RECYCLING,
LLC,

               Defendant.

Case No.   1:25-cv-10456

## CONSENT DECREE

WHEREAS, Defendant Ondrick Materials & Recycling, LLC ("Ondrick"), which has a principal address of 22 Industry Road, Chicopee, operates an asphalt and aggregate production facility in Massachusetts located on Industry Road and Fuller Road in Chicopee, (the "Facility");

WHEREAS, the Commonwealth of Massachusetts ("Commonwealth"), acting through the Office of the Attorney General ("Attorney General's Office"), alleges in its complaint that Ondrick has discharged industrial stormwater from the Facility into the Chicopee River and wetlands that are adjacent to and share a continuous surface water connection with the Chicopee River (the "Chicopee River Wetlands"), both overland and via a catch basin on Fuller Road that is part of the City of Chicopee's municipal separate storm sewer system, without complying with its federal Multi-Sector General Permit ("Stormwater Permit") issued by the United States Environmental Protection Agency ("EPA") for the Facility, in violation of the Federal Clean Water Act, 33 U.S.C. §§1251–1387 (the "Clean Water Act" or the "Act");

WHEREAS, by letter dated September 28, 2023, the Attorney General's Office provided notice of the alleged violations and of the Attorney General's Office's intention to file suit against Ondrick (the "Notice Letter") to the Administrator of EPA, the Administrator of EPA Region 1, the Massachusetts Department of Environmental Protection ("DEP"), and to Ondrick, pursuant to Section 505 of the Act, 33 U.S.C. §1365;

WHEREAS, today the Attorney General filed a complaint against Ondrick in the United States District Court, District of Massachusetts (the "Complaint");

WHEREAS, Ondrick does not admit any liability arising out of the facts or laws referenced or alleged in the Notice Letter or Complaint;

WHEREAS, the Commonwealth and Ondrick (collectively, the "Parties") have reached an agreement to fully resolve this dispute and all allegations contained in the Notice Letter and Complaint; and

WHEREAS, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c).

NOW THEREFORE, based on the Joint Motion of the Parties for Entry of this Consent Decree, and before taking any testimony and without the adjudication of any issues of fact or law, it is ADJUDGED, ORDERED, AND DECREED, as follows:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this action pursuant to Section 505(a)(1)(A) of the Act, 33 U.S.C. § 1365(a)(1)(A), and 28 U.S.C. § 1331 (an action arising under the laws of the United States). Venue is proper in the District of Massachusetts pursuant to Section 505(c)(1) of the Act, 33 U.S.C. § 1365(c)(1).

2.    The Complaint alleges facts that, if proven, would constitute good and sufficient grounds for the relief set forth in this Consent Decree.

### III. EFFECTIVE DATE

3.    The effective date of this Consent Decree shall be when the Court enters the Consent Decree on the docket ("Effective Date").

### IV. PARTIES BOUND

4.    This Consent Decree shall constitute a binding agreement between the Parties, and Ondrick consents to its entry as a final judgment by the Court and waives all rights of appeal upon its entry on the docket. If the Court declines to enter this Consent Decree on any ground except one related to form, this Consent Decree is voidable at the option of either party within fourteen (14) days of the Court's decision. If, on the other hand, the Court determines that substantive modifications to this Consent Decree are necessary prior to the Court's entry of it, the Parties shall enter into good faith negotiations to discuss the modifications, and this Consent Decree shall be void unless the Commonwealth and Ondrick agree otherwise in writing within fourteen (14) days of the Court's decision.

5.    The provisions of this Consent Decree shall apply to and bind Ondrick and any person or entity acting by, for, or through Ondrick, including Ondrick's managers, directors, officers, supervisors, employees, agents, attorneys-in-fact, successors, and assigns, and those persons in active concert or participation with Ondrick who receive notice of this Consent Decree.

6.    Ondrick shall provide a true copy of this Consent Decree to all of its managers, directors, officers, supervisors, employees, and agents whose duties might include compliance with any provision of this Consent Decree. Ondrick shall also provide a copy of this Consent

3

Decree to any contractor retained by it to perform work required under this Consent Decree and shall condition any such contract, entered into after the Effective Date of the Consent Decree, on the contractor's performance of the work in compliance with the terms of this Consent Decree. For any such contract entered into prior to the Effective Date, Ondrick shall ensure that the contractor performs its work in compliance with the terms of this Consent Decree.

7.    For three (3) years following the Effective Date, (hereafter, the "Monitoring Period"), Ondrick shall provide written notice of any prospective change or transfer in ownership of its business, together with a copy of the proposed written change or transfer agreement, to the Attorney General in accordance with Section XIII (Notices) of this Consent Decree. At least thirty (30) days prior to any such change or transfer of ownership, management, or operation of the Facility that occurs within the Monitoring Period, Ondrick shall provide a copy of this Consent Decree to the proposed transferee or new manager or operator. No change or transfer in ownership, management, or operation of the Facility, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Defendant or its managers, officers, directors, agents, successors, assigns, and/or heirs of any obligation under this Consent Decree, unless:

    a.    the transferee agrees, in writing, to undertake any outstanding obligations required by Section V (Payments), Section VI (Injunctive Relief), and Section VII (Facility Access and Submission of Records) and to be added as a Defendant or substituted for the Defendant as a Party under the Consent Decree and thus assume the obligations, rights, and benefits of, and be bound by, its terms;

    b.    the Commonwealth agrees to consent, in writing, to relieve the Defendant of its obligations under the Consent Decree; and

c.  the transferee becomes a party under this Consent Decree pursuant to Section XV (Modification).

Any attempt to change or transfer ownership, management, or operation of the Facility without complying with this Paragraph shall constitute a violation of this Consent Decree.

8.  Ondrick shall not violate this Consent Decree, and Ondrick shall not allow its officers, directors, agents, attorneys-in-fact, employees, successors, assigns, or contractors to violate this Consent Decree. In any action to enforce this Consent Decree, Ondrick shall not raise as a defense the failure by any of Ondrick's managers, directors, officers, supervisors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

9.  In addition to any relief specifically provided in this Consent Decree, Ondrick understands and agrees that violations of this Consent Decree may be punishable by contempt pursuant to an appropriate civil contempt proceeding.

## V. PAYMENTS

10.  Ondrick shall pay to People Aligning To Create Harmony NFP ("PATCH Foundation") the sum of seventy-five thousand dollars ($75,000) for projects to benefit water quality in the Chicopee River Watershed. The payments shall be made in six (6) equal installments of $12,500 each. The first payment shall be made within fifteen (15) days of the Effective Date, and the remaining five (5) payments shall be made before the monthly anniversary of the first payment for the each of the next five (5) months. At the time of the payments, Ondrick shall send notice to the Commonwealth, by electronic mail, that such payment has been made as set forth below in Section XIII (Notices) and shall include Ondrick's

taxpayer Identification Number, all of the payment information in this Paragraph, and the amount of the payment. Ondrick shall contemporaneously provide to the Commonwealth evidence of its payments to the PATCH Foundation pursuant to Section XIII (Notices). Payments should be made by wire transfer referencing this action to the following account:

ORG NAME: (PATCH Foundation) People Aligning To Create Harmony NFP.
ABA#: ███████
ACCOUNT#: ██████████
BANK NAME: ██████
BANK ADDRESS: ██████████████████
TIN: ███████
Reference: Commonwealth v. Ondrick Materials & Recycling, LLC

11.     Within fifteen (15) days of the Effective Date, Ondrick shall reimburse the Attorney General's Office in the amount of thirty thousand dollars ($30,000) to defray the Attorney General's Office's costs, including attorney fees, incurred in connection with its work on this matter. Payments should be made by wire transfer referencing this action to the following account:

Commonwealth of Massachusetts, Office of Attorney General
ABA#: ███████
ACCOUNT#: ██████████
████████████
████████
██████████
TIN: ███████
Reference: EPD, Commonwealth v. Ondrick Materials & Recycling, LLC – Costs

## VI. INJUCTIVE RELIEF

12.     Ondrick agrees to operate the Facility in compliance with the applicable requirements of the currently applicable Stormwater Permit, including any amendments thereto or reissuances thereof, and with the Act. Specifically, Ondrick shall:

a.    control stormwater at the Facility to "minimize" pollutants, that is, "to reduce and/or eliminate to the extent achievable using stormwater control measures (including best management practices) that are technologically available and economically practicable and achievable in light of best industry practice," pursuant to Stormwater Permit Section 2.0;

b.    to the extent necessary, update its Stormwater Pollution Prevention Plans ("SWPPPs"), Notices of Intent ("NOIs"), and all other documents related to the Stormwater Permit to accurately depict the Facility's site boundaries and to accurately list all outfalls where stormwater discharges from the Facility within two (2) months of the Effective Date;

c.    comply with sampling obligations pursuant to Stormwater Permit Section 4.0;

13.    Within the provided time frames, Ondrick shall take the following steps to ensure compliance with the Stormwater Permit:

a.    within six (6) months of the Effective Date, install silt fencing and straw wattles to mitigate erosion and runoff around the asphalt pile located at the Facility; and

b.    within six (6) months of the Effective Date, extend the existing berm approximately 300 feet along the southern boundary of the Facility.

## VII. FACILITY ACCESS AND SUBMISSION OF RECORDS

14.    Ondrick shall permit the Attorney General's Office to visit the Facility during normal daylight business hours during the Monitoring Period, provided that the Attorney General's Office provides at least forty-eight (48) hours of prior notice. During any Facility visit

pursuant to this section, the Attorney General's Office shall have access to and permission to copy any documentation required to be maintained pursuant to the Stormwater Permit, may take photographs at the Facility, and may collect stormwater samples on the following conditions: (a) stormwater samples may only be taken from an outfall listed in the NOI for the Facility; (b) stormwater samples may only be taken from a discharge resulting from a Measurable Storm Event, as that term is defined in the 2021 Multi-Sector General Permit, including the requirement that the storm event occurs at least 72 hours (3 days) after a previous measurable storm event; and (c) stormwater samples collected by the Attorney General's Office may only be subject to analysis based on the monitoring parameters listed for the applicable industrial sector(s) identified in the Facility's NOI.

15.    During the Monitoring Period, Ondrick shall provide the Attorney General's Office with the following documents in accordance with Section XIII (Notices), below:

a.    copies of all documents Ondrick submits to EPA, the Commonwealth, and/or the Town of Chicopee concerning Ondrick's stormwater controls or the quality of Ondrick's Stormwater Discharges Associated with Industrial Activity, including but not limited to all documents and reports submitted as required by the Stormwater Permit. Such documents and reports shall be sent to the Attorney General's Office within ten (10) business days of Ondrick's submission of these documents to the relevant entity;

b.    copies of all documents and communications Ondrick submits to EPA concerning Corrective Action or Additional Implementation Measures taken at the Facility will be sent to the Attorney General's Office within ten (10) business days of submitting them to EPA;

8

c.   Discharge Monitoring Reports and supporting laboratory reports and analytical results of stormwater sampling performed by or for Ondrick within ten (10) business days of submitting the Discharge Monitoring Reports to EPA;

d.   all maintenance records for the Facility's stormwater pollution control systems. Maintenance records will be provided within ten (10) business days of Ondrick's receipt of a written request by the Attorney General's Office;

e.   all written material, including all presentations, associated with any trainings referenced in the Ondrick's SWPPPs. Training materials will be provided within ten (10) business days of Ondrick's receipt of a written request by the Attorney General's Office;

f.   written notice of any changes made to any of Ondrick's stormwater control measures that are described in the SWPPPs pursuant to Stormwater Permit Section 6.2.4, within ten (10) business days of Ondrick's receipt of a written request by the Attorney General's Office;

g.   written notice of any changes made to Ondrick's stormwater control measures pursuant to Stormwater Permit Section 6.3, within ten (10) business days of Ondrick's receipt of a written request by the Attorney General's Office;

h.   current copies of Ondrick's SWPPP within ten (10) business days of receipt of a written request by the Attorney General's Office.

16.   Any information provided by Ondrick may be used by the Commonwealth in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

17.    The Consent Decree in no way limits or affects any right of entry and inspection or any right to obtain information held by the Commonwealth or any of its branches, departments, agencies, or offices pursuant to applicable federal or state laws, regulations, or permits, nor does it limit or affect any duty or obligation of Ondrick to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## VIII.  INTERESTS AND COLLECTIONS

18.    If any payment required pursuant to this Consent Decree is late or not made, Ondrick shall pay interest on any overdue amount for the period of such nonpayment at the rate of twelve percent (12%) per annum computed monthly and shall pay all reasonable expenses associated with collection by the Commonwealth of the unpaid amounts and interest for any period of nonpayment after the payment obligation becomes due, including reasonable attorney fees.

## IX. EFFECT OF CONSENT DECREE

19.    Upon compliance by Ondrick with the requirements of this Consent Decree, at the conclusion of the Monitoring Period, (a) this Consent Decree shall fully resolve Ondrick's liability for the specific legal claims alleged against it in the Notice Letter and Complaint; and (b) the Commonwealth shall fully release Ondrick from liability for the specific legal claims alleged against it in the Notice Letter and Complaint. Notwithstanding the foregoing, the Commonwealth expressly reserves all claims for injunctive relief for violations of all the statutes and regulations referred to in this Consent Decree, whether related to the specific legal claims resolved by the Consent Decree or otherwise.

20.    Nothing in this Consent Decree (a) shall bar any action by the Commonwealth on any legal claim not specifically pleaded in the Complaint or for any violations not revealed to the

10

Commonwealth; (b) shall be deemed to excuse non-compliance by Ondrick, or any of the persons or entities otherwise bound by this Consent Decree with any law or regulation; or (c) shall preclude a separate or ancillary action by the Commonwealth to enforce the terms of this Consent Decree or any permit or other approval issued by DEP or EPA relative to the Facility.

21.     This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. Ondrick is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, and permits; and Ondrick's compliance with this Consent Decree shall not be a defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The Attorney General's Office does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Ondrick's compliance with any aspect of this Consent Decree will result in compliance with provisions of any federal, state, or local law, regulation, or permit.

22.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a party to this Consent Decree.

### XII. MISCELLANEOUS

23.     Ondrick understands and agrees that, pursuant to 11 U.S.C. § 523(a)(7), the costs or sums that Ondrick may be required to pay under this Consent Decree are not subject to discharge in any bankruptcy.

24.     Ondrick shall pay all expenses, including reasonable attorney fees and costs, incurred by the Commonwealth in the enforcement of this Consent Decree, consistent with the scope of 33 U.S.C. § 1365(d).

25.     Nothing in this Consent Decree shall prevent Ondrick from taking any action otherwise required by law.

11

26. The titles in this Consent Decree have no independent legal significance and are used merely for the convenience of the parties.

27. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or State or Federal holiday, the period shall run until the close of business on the next Business Day.

28. Ondrick is responsible for complying with this Consent Decree and is liable for violations of this Consent Decree.

29. Signature of the parties transmitted by scanning and email are binding.

## XIII. NOTICES

30. Unless otherwise specified in this Consent Decree, notices and submissions required by this Decree shall be made in writing by email to the following addresses:

For the Attorney General's Office and the Commonwealth:

John S. Craig, Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
john.craig@mass.gov

Muhammad Diallo, Federal Enforcement Case Coordinator
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
muhammad.diallo@mass.gov

For Ondrick:

Theodore Ondrick
Ondrick Materials & Recycling, LLC
22 Industry Road
Chicopee, MA 01020
TOndrick@ondrickmr.com

Peter F. Durning, Esq.
Verrill Dana LLP
One Federal Street, 20th Floor
Boston, MA 02110
pdurning@verrill-law.com

or, to such other place or to the attention of such other individual as a party may from time to time designate by written notice to the other parties to this Consent Decree.

## XIV. INTEGRATION

31.     Except as expressly set forth in this Consent Decree, this Consent Decree sets forth all of the obligations of the parties and represents the complete and exclusive statement of the parties with respect to the terms of the settled agreement embodied by this Consent Decree; any other representations, communications, or agreements by or between parties shall have no force and effect.

## XV. MODIFICATION

32.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the parties. Where the modification constitutes a material change to any term of this Consent Decree, it shall be effective only by written approval of the parties and the approval of the Court. The Commonwealth's decision to extend a deadline in this Consent Decree shall not constitute a material change for purposes of this Paragraph.

## XVI. AUTHORITY OF SIGNATORY

33.     The person signing this Consent Decree on behalf of Ondrick acknowledges: (a) that they have personally read and understand each of the numbered Paragraphs of this Consent Decree, including any Appendices attached to it; (b) that they are authorized to sign and bind Ondrick to the terms of this Consent Decree, and (c) that, to the extent necessary, Ondrick's

13

managers, directors, officers, and shareholders have consented to Ondrick entering this Consent Decree and to its entry as a Final Judgment.

## XVII. TERM AND RETENTION OF JURISDICTION

34. The Court shall retain jurisdiction over this case for purposes of resolving disputes that arise under this Consent Decree, entering orders modifying this Consent Decree, or effectuating or enforcing compliance with the terms of this Consent Decree.

## XVIII. FINAL JUDGMENT

35.    Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a Final Judgment of the Court.

OFFICE OF THE ATTORNEY GENERAL
ANDREA JOY CAMPBELL, ATTORNEY GENERAL


By: _John S. Craig_                    Date: _2/25/2025_
John S. Craig
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
617-963-2075
john.craig@mass.gov


ONDRICK MATERIALS & RECYCLING, LLC.

By: _/s/ Peter F. Durning_                    Date: February 25, 2025
Peter F. Durning, Esq.
Verrill Dana LLP
One Federal Street, 20th Floor
Boston, MA 02110
pdurning@verrill-law.com



IT IS SO ORDERED. JUDGMENT is hereby entered in accordance with the foregoing.

By the Court:

_/s/ Brian E. Marphy_

United States District Court

Dated:    April 18, 2025

15